UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH J. CLARK, :
:
    Plaintiff :
:
    v. : CIVIL NO. 3:CV-05-1094
:
LUZERNE COUNTY CORRECTIONAL : (Judge Kosik)
FACILITY, et al., :
:
    Defendants

## MEMORANDUM and ORDER

**Background**

Joseph J. Clark, an inmate at the State Correctional Institution at Camp Hill (SCI-Camp Hill), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as defendants are the Luzerne County Correctional Facility, Warden Gene Fischi, Deputy Wardens Samuel Hyder and Joseph Morris and Wister Yuhas, President. In the complaint Clark challenges his conditions of confinement. In particular, he contends that the living conditions are extremely dirty, inmates in the dayrooms are kept there 22 hours a day, there are no recreational activities or access to the law library.

On June 24, 2005, the court conducted a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915[1], and found that plaintiff had failed to show that the conditions of

---

[1] The Order stated that the complaint was being screened pursuant to § 1915A. However, since Plaintiff did not pay the full fee upon filing the action, but rather filed a motion to proceed in forma pauperis and authorization form, the complaint is properly screened pursuant to § 1915(e)(2)(B).

which he complains, viewed from the "totality of the circumstances," posed a substantial risk of serious harm or that any defendant was deliberately indifferent to a significant risk of such harm. (Doc. 5.)  The court also found that Plaintiff's statement that there is no access to the law library was insufficient to set forth a viable access to the courts claim.

Because the court found that Plaintiff may be able to allege a viable conditions-of-confinement claim or denial of access to the courts claim, he was afforded twenty (20) days within which to submit an amended complaint.  Plaintiff was reminded of the need to allege personal involvement on the part of each defendant and describe what each person allegedly did in regard to his claim.  He was further advised that the amended complaint need to be a new pleading capable of standing alone without reference to the complaint already filed.  (Id. at 3.)

Presently pending are two motions filed by Plaintiff seeking reconsideration of the court's Order of June 24, 2005.  (Docs. 7, 9.)  In the motions Plaintiff continues to argue the merits of his allegations as set forth in the original complaint, as well as submit supporting exhibits and a request for specific relief regarding prison library hours.  Plaintiff's claims were reviewed by the court and addressed in the Order of June 24, 2005.  They were found to be inadequate as set forth in the original complaint.  Plaintiff has been provided with the opportunity to submit an amended complaint to cure the deficiencies in his original pleading.  He has been advised that any amended complaint submitted must stand alone and not refer back to the original complaint.  He has also been advised that he must allege personal

involvement on the part of each defendant as well as set forth viable civil rights conditions of confinement claims.  His recent submissions neither attach a proposed amended complaint or set forth grounds for reconsidering the court's order directing an amended complaint in this action.  Plaintiff will be afforded one final opportunity to submit a new complaint in this action.  The failure to do so in accordance with the June 24, 2005 Order will result in the action being dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).  The Clerk of Court will be directed to send to Plaintiff two (2) blank § 1983 civil rights complaint forms for his use in preparing the amended complaint.

**ACCORDINGLY, THIS 26th DAY OF OCTOBER, 2005, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motions for reconsideration (Docs. 7, 9) are **denied**.

2. Plaintiff is directed to file an amended complaint in this action in accordance with this court's Order of June 24, 2005, within ten (10) days.  The failure to do so will result in the action being dismissed without prejudice.

3. The Clerk of Court is directed to send Plaintiff two (2) blank § 1983 civil rights complaint forms.

s/Edwin M. Kosik
United States District Judge
